UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------X
MALIK EDWARDS (DIN 00A6134),

        Plaintiff,

        -against-

C.O. A. KOZAKIEWICZ,
SUPT. JAMES CONWAY,
LT. JEFFREY BEA, SGT. A.J. BROWN,
JOHN DOE # 1, JOHN DOE #2,
C.O. RICHARD PISTNER,
C.O. R. HORSON,
C.O. J. CARTWRIGHT and
C.O. D. LAKAS,

        Defendants.
------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**



Plaintiff, Malik Edwards, appearing *pro se*, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

2. That plaintiff currently resides in the Great Meadow Correctional Facility, in Comstock, NY.

3. That at all times herein mentioned, plaintiff was an inmate at the Attica Correctional Facility (Attica), in Attica, NY, and under the care, custody and control of the New York Department of Correctional Services (DOCS).

4. That at all times herein mentioned, defendants were and are citizens of the State of New York.

5. That at all times herein mentioned, defendant A. KOZAKIEWICZ (Kozakiewicz) was and is a corrections officer employed at Attica by DOCS.

6. That at all times herein mentioned, defendant JAMES CONWAY (Conway) was and is the superintendent of Attica, and employed by DOCS.

7. That at all times herein mentioned, defendant JEFFREY BEA (Bea) was and is lieutenant employed at Attica by DOCS.

8. That at all times herein mentioned, defendant A.J. BROWN (Brown) was and is a sergeant employed at Attica by DOCS.

9. That at all times herein mentioned, defendant JOHN DOE #1 was and is a corrections officer employed at Attica by DOCS.

10. That at all times herein mentioned, defendant JOHN DOE #2 was and is a corrections officer employed at Attica by DOCS.

11. That at all times herein mentioned, defendant RICHARD PISTNER (Pistner) was and is a corrections officer employed at Attica by DOCS.

12. That at all times herein mentioned, defendant R. HORSON (Horson) was and is a corrections officer employed at Attica by DOCS.

13. That at all times herein mentioned, defendant J. CARTWRIGHT (Cartwright) was and is a corrections officer employed at Attica by DOCS.

14. That at all times herein mentioned, defendant D. LAKAS (Lakas) was and is a corrections officer employed at Attica by DOCS.

15. That at all times herein mentioned, defendants were acting within the course and scope of their employment with DOCS.

16. That at all times herein mentioned, defendants were acting under color of state law.

17. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Eighth and Fourteenth Amendments to the United States Constitution.

## VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

18. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

19. That beginning on or about May 15, 2007, while plaintiff was an inmate at Attica, plaintiff filed various grievances and made various complaints regarding mistreatment to which he had been and was being subjected at Attica.

20. That among those complaints and grievances were those specifically directed at Kozakiewicz, who had repeatedly subjected plaintiff to a course of threats, harassment and intimidation and had wrongfully and illegally caused plaintiff to be deprived of personal property.

21. That beginning on or about May 21, 2007, Conway received additional notifications by, among others, the Inspector General's Office and members of plaintiff's family, that plaintiff was being subjected to a course of threats, harassment and intimidation by Kozakiewicz and other corrections officers, and that plaintiff's physical safety was in jeopardy.

22. That in June of 2007, plaintiff notified Bea during an interview that plaintiff was being subjected to a course of threats, harassment and intimidation by

Kozakiewicz and other corrections officers, and that plaintiff's physical safety was in jeopardy.

23. That on or about July 19, 2007, plaintiff notified Brown during an interview that plaintiff was being subjected to a course of threats, harassment and intimidation by Kozakiewicz and other corrections officers, and that plaintiff's physical safety was in jeopardy.

24. That despite the aforesaid notifications, neither Conway, Bea nor Brown took any steps to protect or safeguard plaintiff against further threats, harassment and intimidation by Kozakiewicx or other corrections officers, and took no steps to safeguard plaintiff's physical safety.

25. That Conway, Bea and Brown each held supervisory positions, and each was in a position to protect and safeguard plaintiff, and had an opportunity to do so.

26. That the failure of Conway, Bea and Brown to protect and safeguard plaintiff constituted deliberate indifference to plaintiff's health and safety.

27. That beginning in August 2007, in retaliation for plaintiff's exercise of his First Amendment right to seek redress for his mistreatment, Kozakiewicz, in cooperation with other corrections officers, including John Doe #1 and John Doe #2, caused plaintiff to be deprived of exercise, showers, food and other things to which plaintiff was entitled.

28. That on August 25, 2007, plaintiff was brutally attacked by two inmates, the identities of whom are unknown to plaintiff.

29. That the aforesaid attack consisted, among other things, of hot oil being thrown on and at plaintiff and plaintiff being pummeled in the face and head with a hard object.

30. That as a result of the aforesaid attack, plaintiff sustained numerous injuries, including but not limited to second degree burns to the head, face and body and a laceration to his head, requiring multiple stitches.

31. That upon information and belief, the aforesaid attack was orchestrated by Kozakiewicz, in conjunction with other corrections officers.

32. That the aforesaid attack took place in the presence of and under the observation of Pistner, Horson, Cartwright and Lakas, all of whom stood by and intentionally failed to intervene to prevent injury to plaintiff.

33. That the aforesaid attack was orchestrated by defendants in retaliation for plaintiff's exercise of his First Amendment right to seek redress for his mistreatment at Attica.

34. That defendants' failure to intervene to prevent the attack on plaintiff was done in retaliation for plaintiff's exercise of his First Amendment right to seek redress for his mistreatment at Attica.

35. That following the aforementioned attack, while he was being escorted to the infirmary, plaintiff was physically attacked by defendants herein.

36. That following the aforementioned attack, defendants also planted a razor blade on plaintiff, falsely accused plaintiff of assault, and filed a false misbehavior report against plaintiff.

37. That these false accusations and false misbehavior report were done in further retaliation for plaintiff's exercise of his First Amendment right to seek redress for his mistreatment at Attica.

38. That as a result of the false accusations and false misbehavior report, plaintiff was sentenced to eighteen months in the Special Housing Unit, and was wrongfully deprived of other rights and privileges.

39. That the aforementioned acts by defendants were intentional and malicious in nature, and were knowingly in violation of plaintiff's rights under the Constitution of the United States of America.

40. That as a result of the aforementioned acts by defendants, plaintiff sustained multiple physical, emotional and psychological injuries, endured and will continue to endure conscious pain and suffering and loss of enjoyment of life, endured atypical and significant hardship in relation to the ordinary incidents of prison life, and has otherwise been damaged.

### FIRST CAUSE OF ACTION
### (First Amendment)

41. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

42. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the First Amendment to the US Constitution to freedom of speech and freedom to petition the government for a redress of grievances.

43. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

## SECOND CAUSE OF ACTION
### (Eighth Amendment)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

46. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

## THIRD CAUSE OF ACTION
### (Fourteenth Amendment)

47. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

48. That the aforementioned acts by defendants were in violation of the substantive due process rights guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

49. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, on the aforementioned causes of action, as follows:

Plaintiff seeks compensatory damages against defendants, each in the amount of Two Million ($2,000,000.00) Dollars; and

Plaintiff seeks punitive damages against defendants, each in the amount of Two Million ($2,000,000.00) Dollars; and

Plaintiff seeks attorney's fees pursuant to 42 USC § 1988; and

Plaintiff seeks interest and the costs and disbursements of this action.

Dated: New York, New York
       March 18, 2010

                                        Yours, etc.

                                        MALIK EDWARDS
                                        Plaintiff Pro Se
                                        c/o Great Meadow Correctional
                                          Facility
                                        Box 51
                                        Comstock, NY  12821